**Ann M. ZIMMERER, Appellant,**

v.

**R. Michael SMYRL, Appellee.**

**No. 01–82–0716–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 28, 1983.

Rae Calvert, Houston, for appellant.

D. Camille Dunn, Houston, for appellee.

Before JACK SMITH, DUGGAN and LEVY, JJ.

OPINION

LEVY, Justice.

Appellant brings this appeal from an adverse judgment rendered by the trial court

on a breach of contract claim brought against her by appellee.

We reverse.

On January 3, 1981, R. Michael Smyrl and Ann M. Zimmerer, both attorneys, agreed to give legal representation to Jimmie L. Carter in one criminal case pending in the District Court of Harris County, Texas, four civil cases pending in the Civil District Courts of Harris County, Texas, and in any or all of the other twenty-one criminal cases that were under investigation by the Harris County District Attorney's office. Smyrl, Zimmerer, and Carter signed a written fee agreement, in which Carter agreed to pay the attorneys a $20,-000 fee out of the sale of some real property owned by Carter. Smyrl maintains that he and appellant had orally agreed to split the $20,000 fee equally. Appellant contends that she never agreed to split the $20,000 fee with Smyrl equally, and that the only agreement was to pay him a "reasonable fee." This disagreement was the basis of a law suit brought by Smyrl, resulting in this appeal.

From the trial of this case, appellant presents thirteen points of error for our review. We note at the outset, however, that the appellant's first three points of error pertain to the trial judge's refusal to hear her cross-claim, and our disposition of these points makes it unnecessary to discuss the remaining ten points.

On September 30, 1982, appellant filed a cross-claim against appellee, complaining of interference with contractual relationships and slander. When this case was called for trial by the court, the attorney for the plaintiff stated to the court that a cross-claim had been filed by the defendant, and that the plaintiff had not been served by citation. He told the court that he wanted to make it clear that the plaintiff was not making a general appearance on the cross-claim.

■ "... A special appearance may be made by any party either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant *on the ground that such party or property is not amenable to process* issued by the courts of this State." (emphasis added) Tex.R.Civ.P. 120a (Vernon 1976). The court in *Butler v. Butler,* 577 S.W.2d 501 (Tex.Civ.App.— Texarkana 1978, writ dism'd), quoting from Thode, 42 Texas L.Rev. 279, 312 (1964), held that:

> The words "not amenable to process issued by the courts of this State" can only be interpreted to mean that the special appearance is available solely to establish that the Texas Court cannot, under the Federal and State Constitutions in the appropriate statutes, validly obtain jurisdiction over the person or the property of the defendant with regard to the cause of action pled. Defective service or defective process, or even an attempt to bring the defendant before the court under the wrong statute does not authorize the use of the special appearance.

Therefore, the plaintiff's appearance to contest the alleged lack of service of citation, however unintentionally, constituted a general appearance, and personal service by the defendant on her cross-action became unnecessary. See *Butler v. Butler, supra.*

Under Rule 174, Tex.R.Civ.P., the trial court may order a separate trial of any cross-claim, but the record does not reflect that the trial judge herein signed an order for severance or a separate trial of the cross-claim. The record shows only that the trial judge stated that the court would proceed on the plaintiff's first amended original petition and the defendant's first amended answer, and that the matter of the cross-claim was not before the court that day.

> "When a judgment not intrinsically interlocutory in character is rendered and entered in a case regularly set for conventional trial on the merits, no order for separate trial of issues having been entered pursuant to Rule 174, Tex.R.Civ.P., it will be presumed for appeal purposes that the court intended to, and did, dispose of all parties legally before it and of

all issues made by the pleadings between the parties." *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966); *City of Houston v. Deshotel*, 585 S.W.2d 846, 850 (Tex.Civ.App.— Houston [1st Dist.] 1979, no writ).

■ The record clearly indicates that the trial judge refused to allow the appellant the opportunity to present any evidence on her cross-claim and does not contain a signed order for a severance or separate trial of the cross-claim. The judgment signed by the trial judge makes no mention of the cross-claim; therefore, we must presume that the court disposed of the cross-claim as it was raised by the pleadings and before the court. *North East Independent School District, supra.* Since appellant was not allowed to present any evidence, the disposition of her cross-claim in this manner was harmful error.

■ We also note that the trial judge not only refused appellant's witnesses the opportunity to testify on her cross-claim, but he also refused appellant the opportunity to present witnesses to testify in the case-in-chief. In making this ruling, the trial judge stated that the testimony would merely be cumulative of the parties' testimony. However, the testimony of the appellee and the appellant differed on all of the material issues of this case. The appellant, therefore, was clearly entitled to corroborate her own testimony, and to impeach the testimony of the appellee, by the presentation of other witnesses.

The record reflects that appellant's counsel dictated into the record a brief summary of the witnesses' testimony. Notwithstanding the fact that some of the testimony would have impeached the testimony of the appellee and attacked his credibility, the trial court still refused to allow the appellant to present her witnesses, and thereby also excluded testimony pertaining to the appellee's cross-claim.

■ Generally, where a witness asserts a particular fact to be true, other witnesses may be called to deny the truth of the fact testified to by the first witness and to state that the opposite is true, if such contradictory testimony is relevant. *Hudson v. Hightower*, 394 S.W.2d 46 (Tex.Civ.App.— Austin 1965, writ ref'd n.r.e.); Ray, Law of Evidence § 682 (Texas Practice 3rd ed. 1980).

That appellant herself had denied the plaintiff's testimony did not warrant exclusion of other witnesses' testimony as cumulative, when appellant was subject to the criticism of interest, and the proposed other witnesses were not. *Hovey v. See*, 191 S.W. 606 (Tex.Civ.App.—Austin 1916, no writ). Thus, we hold that the appellant should have been allowed to present the testimony of other witnesses in the case-in-chief, and the trial court's refusal to allow her to do so constituted reversible error.

The appellant's first three points of error are sustained, and we accordingly reverse and remand for a new trial.