**John George MINNICH, Relator,**

v.

**Honorable Guy JONES, District Judge, Bowie County, Texas, Respondent.**

No. 6–90–035–CV.

Court of Appeals of Texas, Texarkana.

Sept. 25, 1990.

**328**

William V. Brown, Jr., Texarkana, for relator.

Kelvin Wyrick, Texarkana, Ark., for real party in interest.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

CORNELIUS, Chief Justice.

In this mandamus proceeding, relator John George Minnich asks that we order the Honorable Guy Jones of the 202nd District Court to set for trial on the jury docket relator's exceptions to the report of a master in chancery appointed in the underlying cause, No. D–0202–CV–89–1292.

The underlying cause is a divorce action brought by Eva C. Minnich, the real party in interest in this proceeding. It was set for a nonjury trial on January 22, 1990, but was not reached on that date. The court subsequently appointed a master in chancery to report on the parties' property and debts and to suggest a fair property division.

The master held two hearings and filed his report on June 14, 1990. Both parties timely objected to the report. Mrs. Minnich requested and obtained a nonjury hearing on her objections. Relator paid the required fee and demanded a jury trial on his exceptions. The court denied relator's request for a jury and set his exceptions for trial without a jury.

Relator urges that he has a right to a jury trial on the master's findings to which he objected. He further contends that mandamus is a proper remedy to secure him a jury trial, because otherwise he would be required to perform the useless task of trying a case certain to be reversed on appeal. Mrs. Minnich responds that no right to a jury trial exists in the posture of the underlying cause, and that in any event relator has waived his right to a jury.

The trial court appointed a master in chancery rather than a family law master. Accordingly, we assume—as did the parties in their briefs and in oral argument—that the appointment was made pursuant to TEX.R.CIV.P. 171, rather than Chapter 54 of the Texas Government Code.

When issues are referred to a master under Rule 171, the master's report is conclusive on all issues except those to which objection is made. *Cameron v. Cameron*, 601 S.W.2d 814, 815 (Tex.Civ. App.–Dallas 1980, no writ). To the extent it is challenged by exceptions, the master's report is not binding and the contested fact issues are to be tried *de novo* before the court if a jury has not been requested, or before a jury if one has been requested. *Mann v. Mann*, 607 S.W.2d 243 (Tex.1980); *Cameron v. Cameron, supra; Housing Authority of City of Dallas v. Hubbell*, 325 S.W.2d 880, 908 (Tex.Civ.App.–Dallas 1959, writ ref'd n.r.e.); *Arlington Heights Realty Co. v. Citizens' Ry. & Light Co.*, 160 S.W. 1109, 1118 (Tex.Civ.App.–Amarillo 1913, no writ); 3 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 10.17.3 (rev. 1983).

A litigant is entitled to a jury trial on disputed fact issues if it is timely requested and the fee is paid. TEX. CONST. ART. I, § 15; TEX. CONST. ART. V, § 10;

TEX.FAM.CODE ANN. § 3.61 (Vernon Supp. 1990). A demand for a jury trial on the master's findings is timely if it is made before the trial court's adoption of the report. *Cameron v. Cameron, supra.* The demand in this cause was timely, and relator's right to a trial by jury as to those fact findings to which he objected may not be denied simply because the case was referred to a master. *Garrison v. Garrison,* 568 S.W.2d 709 (Tex.Civ.App.–Beaumont 1978, no writ).

■ Mrs. Minnich argues that because relator did not object to the original nonjury setting and proceeded to present evidence to the master without demanding a jury, the trial had actually begun and his demand for a jury was not timely and was waived. We disagree. The hearing before the master is not the trial, and the presentation of evidence to the master does not waive the right to a jury, even when the demand is made after the master's hearing. *Mann v. Mann, supra.* Almost the exact contentions Mrs. Minnich makes here were made and rejected in *San Jacinto Oil Co. v. Culberson,* 100 Tex. 462, 101 S.W. 197 (1907). There, our Supreme Court said:

> The defendant was entitled to a trial by jury of the contested issues of fact, although it had not demanded a jury before the cause went to the master,....

*See also,* 3 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 10.17.3 n. 6 (rev. 1983).

Relator's objections to the master's report raise some fact issues relating to the property values and the amount of outstanding community debts as found by the master. Thus, it was an abuse of discretion to deny relator a jury trial on the fact issues in the master's report to which he objected.

■ Mandamus is an extraordinary remedy which lies only when there has been a clear abuse of discretion or a violation of a duty clearly imposed by law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916 (Tex.1985). Ordinarily, the remedy will not lie where there is an adequate remedy at law. However, since relator has a clear right to a jury trial, it would be useless and would militate against judicial efficiency to require him to try his case without a jury and secure a judgment which, at his election, is subject to certain nullification on appeal. Such a procedure falls short of an adequate and efficient remedy at law. *Eppoleto v. Bournias,* 764 S.W.2d 284 (Tex.App.–Waco 1988, no writ).

For the reasons stated, we find that relator has a clear right to a jury trial on the factual issues to which he objected. Because we are confident that the trial judge will comply with the request for jury trial, a formal writ of mandamus will not issue. Should the trial judge fail to do so, the writ will issue.