**SIERRA STAGE COACHES, INC., Appellant,**

v.

**STATE of TEXAS—COUNTY OF HARRIS, LA PORTE INDEPENDENT SCHOOL DISTRICT, and the City of La Porte, Appellees.**

No. B14–91–00911–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 18, 1992.

**192**

J.S. Norman, Jr., Houston, for appellant.

Mike Driscoll, Houston, Michael J. Siwierka, Pasadena, for appellees.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION

PAUL PRESSLER, Justice.

This is an appeal from a final judgment assessing delinquent personal property taxes for the 1986 and 1987 tax years. The judgment is affirmed.

In 1985, appellant leased property in the City of La Porte, Texas as a temporary service facility for its commercial tour buses. A tax appraiser with the Harris County Appraisal District inspected the property and found that the buses were located at the leased premises on January 1 of 1986 and of 1987, and notices of appraised value were issued and sent to appellant.

Appellant did not file a protest challenging the situs or any other aspect of the appraisal, nor did it apply for a hearing before the Harris County Appraisal Review Board. Instead, appellant allowed the taxes to become delinquent and owing to appellees and to Harris County.

Harris County sued appellant for the delinquent taxes, and appellant answered with a general denial. La Porte I.S.D. and the City of La Porte intervened. The case was tried before a tax master who recommended to the district court that judgment be granted La Porte I.S.D. and the City of

La Porte. Harris County was awarded a take nothing judgment and is not a party to this appeal.

Appellant filed a notice of appeal and asked the court to conduct a *de novo* review of the master's ruling. No record of the proceedings before the tax master was ever made available to the district court. The court denied appellant's request for a *de novo* hearing and, instead, ordered the appeal submitted by briefs. The court then entered judgment consistent with the findings of the tax master and made findings of fact and conclusions of law in support of its decision.

In point of error one, appellant contends that the trial court committed fundamental error by denying appellant's request for a *de novo* hearing on its appeal from the master's report. Appellant cites *Minnich v. Jones*, 799 S.W.2d 327 (Tex.App.—Texarkana 1990, no writ) in support of its argument. There, in the underlying divorce action, the trial court appointed a master in chancery pursuant to Tex.R.Civ.P. 171 to report on the parties' property and debts and to recommend a fair property division. Both parties made timely objections to the master's report. Mrs. Minnich requested and obtained a nonjury hearing on her objections. Mr. Minnich paid the required fee and demanded a jury trial on his exceptions. The trial court denied his request for a jury and set his exceptions for trial without a jury. Mr. Minnich then filed a petition for writ of mandamus, asking the court of appeals to order the trial judge to set his exceptions to the master's report for trial on the jury docket. The court of appeals held that the report of a master in chancery is not binding where challenged by exceptions, and the contested fact issues should be tried *de novo* before the court if a jury has not been requested or before a jury if one has been requested. *Minnich*, 799 S.W.2d at 328.

Here, the district court appointed a tax master pursuant to Tex.Tax Code Ann. § 1.13 (Vernon 1988), and not pursuant to Tex.R.Civ.P. 171.[1] Appellant's sole excep-

1. Tex.Tax Code Ann. § 1.13 has since been amended and is now under Tex.Tax Code Ann. § 33.71 (Vernon Supp.1992).

tion to the recommendation of the tax master related to the master's finding that the City of La Porte was the appropriate local taxing unit for appellant's buses. In support of this claim, appellant provided the trial court with numerous affidavits and other exhibits which purported to show that the buses were not taxable by La Porte for the 1986 and 1987 tax years pursuant to the definition of taxable situs in Tex.Tax Code Ann. § 21.02. These exhibits and affidavits were not presented to the tax master before his ruling, but, instead, were prepared subsequent to such ruling.

 Unlike the divorce proceeding in *Minnich,* the instant case is governed by the Property Tax Code. The Tax Code contains specific provisions for review of property tax appraisals. Section 41.41 gives the property owner the right to contest any matter adversely affecting him before the county appraisal review board, including the identification of the taxing units in which his property is taxable and the inclusion of his property on the appraisal district's records. Tex.Tax Code Ann. § 41.41(3), 41.41(6). To prevail on a protest of situs, the property owner must establish that the property is on the appraisal roll of another district or is not taxable in the state. Tex.Tax Code Ann. § 41.42. After a hearing before the appraisal review board, the dissatisfied taxpayer or taxing unit may appeal to the district court for a *de novo* review of the board's determination. Tex.Tax Code Ann. §§ 41.21–41.24.

 The above procedure is the exclusive method provided by the Tax Code for adjudicating a protest of situs. Situs may not be raised as a defense to a suit for collection of delinquent taxes or as a basis of a claim for relief in any other suit disputing taxes, or to obtain a refund of taxes paid, except where the suit is to foreclose a lien securing the payment of a tax on real property. Tex.Tax Code Ann. § 42.09. Here, the suit is to foreclose a lien on personal property, not real property. Where a property owner fails to avail himself of the exclusive remedies provided by the Code in a timely and proper fashion, he

has waived his remedies and cannot further dispute his tax liability. *See Robstown Independent School District v. Anderson,* 706 S.W.2d 952 (Tex.1986); *Flowers v. Lavaca County Appraisal District,* 766 S.W.2d 825, 828 (Tex.App.—Corpus Christi 1989, writ denied); *Adams v. Kendall County Appraisal,* 724 S.W.2d 871, 874–75 (Tex.App.—San Antonio 1986, no writ); *Dallas County Appraisal Dist. v. Lal,* 701 S.W.2d 44, 46–47 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

Here, appellant never filed a protest with the Harris County Appraisal Review Board. Accordingly, appellant is precluded from seeking judicial review of this matter. *See First Bank of Deer Park v. Harris County,* 804 S.W.2d 588, 592 (Tex.App.—Houston [1st Dist.] 1991, n.w.h.). The trial court did not commit error by denying appellant's request for a *de novo* review of the tax master's report. Appellant's first point of error is overruled.

 In its second and third points of error, appellant argues that the trial court's findings concerning tax situs and the existence of tax delinquencies were against the great weight and preponderance of the evidence. Because the trial court had no authority to review this complaint, this court is also without authority to consider these points of error. The only evidence before the tax master with regard to the taxable situs of appellant's buses and the existence of tax delinquencies were copies of the delinquent tax rolls. Tex.Tax Code Ann. § 33.47 provides that the delinquent tax roll constitutes prima facie evidence that the amount of tax alleged to be delinquent is the correct amount. By introducing into evidence the delinquent tax rolls, appellees made out a prima facie case and were entitled to judgment in the absence of any proven defense. *Bryan Independent School District v. Lamountt,* 726 S.W.2d 192, 193 (Tex.App.—Houston [14th Dist.] 1987, no writ). The remedy provided by the Tax Code for protesting tax situs is exclusive, and this issue may not be raised as a defense to a suit for delinquent taxes. Tex.Tax Code Ann. § 42.09. Points of error two and three are overruled.

■ In point of error four, appellant contends that the trial court erred in confirming the tax master's ruling since there is no record to show that the trial court appointed the tax master to hear the case. The record reflects that appellant requested the trial court's order appointing the master in chancery to be included in the transcript and, further, that the clerk's office was unable to locate such document. The mere fact that the order of reference was never produced does not prove that the trial court did not authorize the master to hear this case. The Tax Code authorizes district courts to appoint a master in chancery to hear delinquent tax cases. Tex.Tax Code Ann. § 1.13 (Vernon 1988). There is nothing to show that the trial court failed to exercise this authority in the present case. Point of error four is overruled.

■ In point of error five, appellant argues that the trial court erred in holding that the notice of appeal from the master's ruling was overruled by operation of law. Appellant's argument in its entirety under this point of error is as follows:

> [H]ow can the Notice of Appeal from the master's ruling (report) be overruled by operation of law when the court never acted on the appeal from the tax master's ruling?

Appellant cites no authority and makes no argument under this point of error. This point of error is not properly briefed and presents nothing for review. Tex.R.App.P. 74(f). If error was committed, it was harmless since the only issue raised by appellant on appeal related to situs. Appellant waived that issue by failing to avail itself of the exclusive remedies set forth in the Tax Code. Point of error five is overruled.

The judgment of the trial court is affirmed.