**HOUSTON CRUSHED CONCRETE, INC. and Richard Bumstead, Appellants,**

v.

**CONCRETE RECYCLING CORPORATION and David M. Cummings, Jr., Appellees.**

**No. B14–92–00971–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 2, 1994.

Rehearing Denied June 23, 1994.

Mary Ann Bellatti, Houston, for appellants.

Ronald L. Ramey, Houston, for appellees.

Before SEARS, LEE and JUNELL (Sitting by Appointment), JJ.

## OPINION

SEARS, Justice.

The issues in this appeal are whether personal service of Appellants' counterclaims against Appellees was required, and if so, whether Appellees waived the requirement by appearing to contest it. We find it was not, and that they did, and reverse and remand the cause for trial.

On January 23, 1989, Concrete Recycling Corporation, (CRC), filed suit against Houston Crushed Concrete, Inc., (HCC), and Richard Bumstead, for payment due on a note. Appellants answered with a general denial and alleged several affirmative defenses. Trial was set for May 12, 1992. On May 1, 1992, David M. Cummings, Jr., (Cummings), the sole shareholder of CRC, personally intervened in the action. Appellants responded on May 4, 1992, with a plea in abatement and special exceptions, asking that Cummings not be permitted to intervene. On May 4, 1992, Appellants also filed counterclaims against Cummings and CRC alleging breach of contract and fraud. Appellants did not personally serve Cummings, but instead served the counterdefendants through their attorney of record.

On May 12, 1992, the morning of trial, Cummings took a nonsuit of his intervention and filed a motion in limine to prevent Appellants from pursuing their counterclaim. The following colloquy occurred:

[Plaintiff's counsel]: Judge, prior to making my opening statement, I did file intervention in this case on behalf of Mr. Cummings individually—

Court: I have gotten a copy of it.

[Plaintiff's counsel]: —earlier and I filed a nonsuit of that this morning and the clerk asked me to bring that up to you.

Court: I will sign it now.

\*   \*   \*   \*   \*   \*

[Defendant's counsel]: Your Honor … we filed a counterclaim in the case.

\*   \*   \*   \*   \*   \*

[Plaintiff's counsel]: May I make a short motion in limine so the Judge will understand—

Court: Okay. Let me hear you motion in limine.

[Plaintiff's counsel]: Thank you, Judge. First of all, there have been several answers filed. The second amended answer was filed in this case on April the 29th. The counter-claims were not filed until May the 4th. We would object to any defenses or counter-claims filed by defendants, request that no mention be made of

those. The pleading is untimely filed and also, Judge, there has been no service on Mr. Cummings for these counter-claims and service is necessary.

Court: All right. It was served on the first, and you can't use today's date. So 4 from 11 leaves 7. That's still 7 days' notice.

[Defendants' counsel]: Was served timely, Your Honor.

Court: It's filed timely.

[Defendants' counsel]: We filed our counter-claim when they brought Mr. Cummings into the lawsuit. They brought him in as an intervenor plaintiff.

Court: Well, they have non-suited that, so—

\*      \*      \*      \*      \*      \*

[Defendants' counsel]: He has non-suited his claim as plaintiff.

Court: Right.

[Defendants' counsel]: But he cannot non-suit my claim.

Court: I agree with you. So are you going to pursue the counter-claim?

[Defendants' counsel]: Against him, yes.

Court: Okay.

\*      \*      \*      \*      \*      \*

[Plaintiff's counsel]: The same rules requiring jurisdiction over defendants in an ordinary suit applies to such plaintiff when a plaintiff files a counter-claim.

Court: And he hasn't been served.

[Plaintiff's counsel]: He has not been served and we are absolutely making no appearance in those counterclaims today.

The trial court then dismissed the counterclaims because of lack of personal service. Appellants maintain that the trial court erred in dismissing their counterclaims because Cummings had "appeared."

Appellees contend that the trial court correctly dismissed the causes because Cummings had not been personally served and no appearance had been made. Appellees assert in the alternative that if Appellants are correct and Cummings was before the court for all purposes, then the Rules of Civil Procedure are unconstitutional as applied to Cummings. We need not address Appellees' contention that the rules are unconstitutional, because Appellees have failed to bring this issue as a cross point, and have proffered no argument or authority to support this claim. *See, Sandy Int'l, Inc. v. Hansel & Gretel Children's Shop, Inc.,* 775 S.W.2d 802, 807 (Tex.App.—Dallas 1989, no writ); *Sierra Stage Coaches, Inc. v. State,* 832 S.W.2d 191, 194 (Tex.App.—Houston [14th Dist.] 1992, no writ); Tex.R.App.P. 74(f). We are only concerned with whether Cummings made a general appearance and waived the requirement of personal service, and whether personal service was even required, since Appellees were already parties to the lawsuit.

■ The rule is well settled that "a defendant who has entered an appearance in the main case is before the court for all purposes and a judgment may be rendered against him on a co-defendant's cross-claim without the necessity of citation." *Warner v. Irving Lumber Co.,* 584 S.W.2d 893, 894 (Tex.Civ. App.—Dallas 1979, no writ). The necessity of service of a counterclaim on a party who has *not* made an appearance is waived by that party's *appearance* after the counterclaim has been filed. *Id.* An appearance, however unintentional, constitutes a waiver of service. *Dodson v. Seymour,* 664 S.W.2d 158, 161 (Tex.App.—San Antonio 1983, no writ).

■ The case at bar is similar to the case of *Zimmerer v. Smyrl,* 670 S.W.2d 273 (Tex. App.—Houston [1st Dist.] 1983, no writ). In *Zimmerer,* the defendant filed a cross-claim against the plaintiff, but failed to personally serve the plaintiff with the cross-claim. At trial, the plaintiff stated that "a cross claim had been filed by the defendant, and that the plaintiff had not been served by citation." He told the court that "the plaintiff was not making a general appearance on the cross-claim." *Id.* at 274. The Court of Appeals held, "Plaintiff's appearance to contest the alleged lack of service of citation, however unintentional, constituted a general appearance, and personal service by the defendant on her cross-action became unnecessary." *Id.* Similarly in this case, Appellee's counsel's told the trial court, "we are absolutely making no appearance in those counter-

claims." However, it was rendered ineffective by his appearance to contest the timeliness of the counterclaim and the lack of service of citation. We hold that Appellees waived any requirement of personal service.

 We note also, however, that personal service was not required. TEX.R.CIV.P. 124 provides that:

> In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed by law or these rules.

> When a party asserts a counterclaim or a cross-claim against another party *who has entered an appearance*, the claim may be served in any manner prescribed by service of citation or as provided in Rule 21(a). (emphasis added).

TEX.R.CIV.P. 21a provides that:

> Every notice required by these rules, and every pleading, plea, motion or other form of request required to be served under Rule 21, other than the citation to be served upon the filing of a cause of action and except as otherwise expressly provided in these rules, *may be served by delivering a copy to* the party to be served, or *the party's duly authorized agent or attorney of record.* (emphasis added).

A plaintiff submits himself to the jurisdiction of the trial court when he files an original petition, and has thereby entered an appearance *before* a counterclaim is filed. *See, Allied First Nat'l Bank v. Jones,* 766 S.W.2d 800, 803 (Tex.App.—Dallas 1988, no writ). Therefore, the counterplaintiff, (original defendant), may serve the counterclaim on the counterdefendant, (original plaintiff) through service of citation or under TEX.R.CIV.P. 21a. *Id.*

Appellees' "attorney of record" was served with a copy of Appellants' counterclaims after CRC filed its original petition and Cummings filed his intervention. Therefore, service on Appellees' "attorney of record" was proper. The trial court erred in dismissing the counterclaims.

We reverse the judgment of the trial court and remand this cause for trial.

LEE, J., not participating.