COURT OF 
APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH
 
NO. 2-03-115-CV

 
THE 
COOKE COUNTY TAX APPRAISAL                                  APPELLANTS
DISTRICT 
AND THE COOKE COUNTY
APPRAISAL 
REVIEW BOARD
 
V.
 
BRAD 
TEEL AND JANE TEEL                                                    APPELLEES
 
------------
 
FROM 
THE 235TH DISTRICT COURT OF COOKE COUNTY
 
------------

OPINION 
ON REHEARING
------------
        After 
reviewing Appellants Cooke County Tax Appraisal District and Cooke County 
Appraisal Review Board’s motion for rehearing, we deny the motion. We also 
withdraw our November 26, 2003 opinion and judgment and substitute the 
following.
        In 
this property tax case, Appellants Cooke County Tax Appraisal District (CCTAD) 
and Cooke County Appraisal Review Board (ARB), challenge the trial court’s 
judgment granting Appellees Brad and Jane Teel, an agricultural-use valuation 
for the year 2000. We affirm.
Factual and Procedural Background
        In 
December 1999, Appellees purchased approximately 659.3 acres of land from C.W. 
and Betty Josey, with an effective date of January 6, 2000. When a CCTAD 
employee entered the conveyance into the computer system, the employee failed to 
note that it was not effective until January 6, 2000, and erroneously entered 
the conveyance date as December 15, 1999. At the same time, CCTAD’s employee 
entered the conveyance onto a “drop list.” The “drop list” is a list of 
all the properties with exemptions, including the agricultural-use exemptions, 
which, when sold, will require a application from the new owner. This “drop 
list” triggered CCTAD to send a notice to Appellees that they must reapply for 
agricultural-use valuation. Appellees were sent a notice of appraised value in 
May 2000, notifying them that the property would be assessed for taxation at 
market value and not under the agricultural-use exemption. The chief appraiser 
certified the market value to the taxing units, and tax bills were mailed on 
October 3, 2000. CCTAD’s Chief Appraiser, Doug Smithson, admitted at trial 
that the employee erred in entering the deed as a 1999 sale but claimed that it 
was possible that Appellees would have been requested to reapply for the 
agricultural-use exemption even if the effective date of the sale had been 
correctly listed as January 2000. Smithson conceded, however, that the 
employee’s classification of the deed as a 1999 sale was the reason Appellees 
were required to reapply for the exemption.
        Appellees 
protested CCTAD’s denial of the agricultural-use exemption, and the ARB 
entered an Order Determining Protest which denied valuation on the basis of 
qualified agricultural use. CCTAD attempted to deliver the order to Appellees 
twice by certified mail, and the post office made six attempts at delivery 
between April and June 2001. The order was eventually delivered to Appellees’ 
counsel on July 19, 2001. Appellees filed a petition for review in district 
court on August 7, 2001. The trial court, sitting without a jury, found in favor 
of Appellees and made the following findings of fact and conclusions of law:
FINDINGS 
OF FACT
1. 
For several years, the 659.3 acre tract of land, which is the subject of this 
suit, was owned by C.W. Josey, Jr. and Betty S. Josey.
 
2. 
While owned by C.W. Josey, Jr. and Betty S. Josey, and during the year 1999, the 
659.3 acre tract of land was used for agricultural purposes, and was appraised 
for ad valorem taxes as qualified agricultural land.
 
3. 
On December 15, 1999, C.W. Josey, Jr. and Betty S. Josey executed a deed 
conveying the 659.3 acre tract of land to Brad Teel and Jane Teel, which 
provided that the effective date of the conveyance was January 6, 2000.
 
4. 
By error, personnel of the Cooke County Tax Appraisal District entered the date 
of conveyance of the 659.3 acre tract of land as December 15, 1999 into the 
District’s data system, instead of the effective date of January 6, 2000.
 
5. 
As a result of the erroneous entry of December 15, 1999 as the date of 
conveyance, the Chief Appraiser of the Tax Appraisal District issued a letter to 
Brad Teel and Jane Teel stating that as a result of the conveyance, the Teels 
would have to file an application in order for the 659.3 acre tract of land to 
be appraised for ad valorem tax purposes as qualified agricultural land for the 
year 2000.
 
6. 
At the time the Chief Appraiser sent the letter to Brad Teel and Jane Teel 
requiring them to file an application for appraisal as qualified agricultural 
land for the year 2000, the use of the land had not changed from agricultural 
use, the Chief Appraiser had no reasonable cause to believe that there had been 
a change in use of the property to a non-agricultural use, and the Chief 
Appraiser did not require all landowners in the area to reapply.
 
7. 
Brad Teel and Jane Teel did not reside at the address to which the notice was 
sent, and did not receive the notice until after the deadline for filing the 
application.
 
8. 
After passing of the deadline, Brad Teel and Jane Tell did file an application 
to have the tract of land assessed as qualified agricultural land for the year 
2000.
 
9. 
On February 26, 2001, the issue of assessing the tract of land as qualified 
agricultural land for the year 2000 was heard by the Cooke County Appraisal 
Review Board.
 
10. 
Subsequent to the hearing, the Appraisal Review Board issued an undated Order 
Determining Protest which found that the Notice of Protest was timely filed, but 
denied the granting of assessment of the tract of land as qualified agricultural 
land for the year 2000.
 
11. 
Brad Teel and Jane Teel received the Order Determining Protest on July 19, 2001.
 
12. 
Brad Teel and Jane Teel filed their Original Petition on August 7, 2001.

CONCLUSIONS 
OF LAW
 
1. 
This Court has jurisdiction to hear this tax appeal.
 
2. 
The 659.3 acre tract of land was being appraised for ad valorem purposes as 
qualified agricultural land based upon the application of and qualified use by 
C.W. Josey, Jr. and Betty S. Josey.
 
3. 
C.W. Josey, Jr. and Betty S. Josey owned the 659.3 acre tract of land on January 
1, 2000.
 
4. 
The land qualified to be appraised for ad valorem tax purposes as qualified 
agricultural land for the year 2000 without the necessity for reapplication.

        In 
two issues, Appellants claim that the trial court erred in granting Appellees 
agricultural-use valuation for the year 2000. First, Appellants claim that the 
trial court lacked jurisdiction to hear Appellees’ appeal. Second, Appellants 
claim that there was no evidence to support the trial court’s finding of fact 
number seven that Appellees did not reside at the address to which the notice 
was sent, and did not receive the notice until after the deadline for filing the 
application.
Jurisdiction
        We 
review the trial court's determination of subject matter jurisdiction, including 
its construction of pertinent statutes, de novo. Mayhew v. Town of Sunnyvale, 
964 S.W.2d 922, 928 (Tex. 1998). “[A] court deciding a plea to the 
jurisdiction is not required to look solely to the pleadings but may consider 
evidence and must do so when necessary to resolve the jurisdictional issues 
raised. The court should, of course, confine itself to the evidence relevant to 
the jurisdictional issue.” Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 
547, 555 (Tex. 2000).
        Appellants 
argue that the court lacked jurisdiction to hear Appellees’ appeal from the 
order of the ARB for three reasons: 1) Appellees failed to timely apply for the 
favorable valuation; 2) Appellees failed to timely protest their failure to 
receive the favorable valuation; and 3) Appellees failed to timely appeal the 
ARB decision to the lower court. To determine the trial court's jurisdiction to 
hear the cause, courts should “consider the facts alleged by the plaintiff 
and, to the extent it is relevant to the jurisdictional issue, the evidence 
submitted by the parties.” Tex. Natural Res. Conservation Comm'n v. White, 
46 S.W.3d 864, 868 (Tex. 2001).
        Appellants 
first contend that the trial court lacked jurisdiction because Appellees failed 
to timely apply for the favorable valuation and failed to timely protest their 
failure to receive the favorable valuation. Because both of these procedural 
issues relate to timing requirements placed on taxpayers before an ARB review, 
we address them together. Tax code section 23.541 provides that an 
agricultural-use application can be filed no later than the date the ARB 
approves the appraisal records. Tex. Tax Code Ann. § 23.541 (Vernon 2001). Tax code 
section 41.44 states that a notice of protest must be filed before June 1 or not 
later than the 30th day after the date the notice was delivered to the property 
owner. Id. § 41.44. Appellants argue that Appellees did not meet either 
of these deadlines. A taxpayer’s right to appeal an ARB order to district 
court, however, is not predicated on whether the appealing party met the tax 
code’s procedural requirements in sections 23.541 and 41.44(b). See id. 
§ 42.01.
        Section 
42.01 of the Texas Tax Code grants taxpayers the right to seek redress in 
district court if the taxpayer has obtained an order of the ARB determining a 
protest under section 25.25 of the tax code. Id. Section 25.25(c) 
addresses corrections to the appraisal role on the motion of the chief appraiser 
or a taxpayer and expressly allows for protests against clerical errors that 
affect a property owner's tax liability. Id. § 25.25(c)(1). Appellees 
protested against an admitted clerical error that affected their tax liability 
as allowed by section 25.25(c)(1). Not only did the ARB conduct a hearing and 
enter an order which established Appellees’ right to institute proceedings in 
the trial court, the order of the ARB contains specific findings that it had 
jurisdiction over this case.
        Appellants 
allowed Appellees to file the application for valuation, as well as the protest, 
which led to Appellants’ obtaining an order of the ARB. Id. §§ 
23.541(a) (statute grants the chief appraiser power to approve or deny an 
application that is filed after the deadline for filing has passed), 41.44(b) 
(ARB has discretion to accept protests after the deadline for filing has passed 
if taxpayer shows good cause as determined by the ARB). The only prerequisite 
for appeal set forth in section 42.01 is an ARB order reviewing the property 
owner’s protest—nothing in the section states a requirement regarding a 
timely valuation application or protest. Id. § 42.01; Lamar County 
Appraisal Dist. v. Campbell Soup Co., 93 S.W.3d 642, 644 (Tex. 
App.—Texarkana 2002, no pet.) (trial court's jurisdiction dependent upon the 
ARB's having properly acquired jurisdiction). The ARB also made a specific 
finding that Appellees’ “protest was filed in time.” Appellees have 
exhausted their administrative remedies under the tax code, thereby establishing 
a right to appeal in the district court. Robstown Indep. Sch. Dist. v. 
Anderson, 706 S.W.2d 952 (Tex. 1986); Hood v. Hays County, 836 S.W.2d 
327 (Tex. App.—Austin 1992, no writ); Sierra Stage Coaches, Inc. v. La 
Porte Indep. Sch. Dist., 832 S.W.2d 191 (Tex. App.—Houston [14th Dist.] 
1992, no writ); Watson v. Robertson County Appraisal Review Bd., 795 
S.W.2d 307 (Tex. App.—Waco 1990, no writ); Harris County Appraisal Dist. v. 
Tex. Nat’l Bank of Baytown, 775 S.W.2d 66 (Tex. App.—Houston [1st Dist.] 
1989, no writ); Dallas County Appraisal Dist. v. Lal, 701 S.W.2d 44 (Tex. 
App.—Dallas 1985, writ ref’d n.r.e.).
        Appellants 
cite several cases in support of their claim that property owners who fail to 
comply with the administrative review process found in the tax code are 
precluded from receiving relief in district court. We find none of these cases 
instructive. Four of the cases cited by Appellants regard taxpayers that did not 
obtain review, and therefore, an order from the ARB. Robstown Indep. Sch. 
Dist., 706 S.W.2d at 952; Hood, 836 S.W.2d at 329; Sierra Stage, 
832 S.W.2d at 192; Lal, 701 S.W.2d at 46. As the Dallas Court of Appeals 
stated in Lal, “no order from the Appraisal District or from the . . . 
Appraisal Review Board exists from which an appeal to district court could be 
had.” 701 S.W.2d at 46. The other two cases cited by Appellants address the 
timeliness of an appeal to the district court and not the timeliness of 
administrative procedures required to obtain an ARB review and ensuing order. Watson, 
795 S.W.2d at 309; Tex. Nat’l Bank of Baytown, 775 S.W.2d at 68. We 
conclude that Appellees met the jurisdictional requirement set forth in section 
42.01 of the tax code. Appellees have obtained an order from the ARB, thereby 
exhausting their administrative remedies and establishing a right to appeal.
        The 
only remaining issue is whether Appellees timely appealed the decision of the 
ARB to district court. The tax code requires a party seeking review by the 
district court to file a petition for review “within 45 days after the party 
received notice that a final order has been entered from which an appeal may be 
had.” Tex. Tax Code Ann. § 42.21(a). The Order Determining 
Protest was delivered to Appellees’ counsel on July 19, 2001, and they filed 
their petition for review in the district court on August 7, 2001—well within 
the forty-five day time-line.
        Appellants 
argue that Appellees did not timely file their petition for review under a 
theory of constructive notice based on the earliest date of attempted delivery 
indicated by the post office on the first returned envelope, April 11, 2001. 
Appellants rely on two court of appeals cases to assert that six futile attempts 
at delivery constitute constructive receipt of notice. Wright v. Wentzel, 
749 S.W.2d 228, 232 (Tex. App.—Houston [1st Dist.] 1988, no writ); MCI 
Telecomms. Corp. v. Tarrant County Appraisal Dist., 723 S.W.2d 350, 356 
(Tex. App.—Fort Worth 1987, no writ). Wright is a family law case in 
which the respondent was served notice of a hearing on temporary orders 
regarding child custody to be conducted two days later. 749 S.W.2d at 230. 
Concerned that the two-day notice was not reasonable, the court rescheduled the 
hearing for one week later and sent a notice of the rescheduled date by both 
certified mail and regular mail. Id. at 232. The court first noted that 
the respondent was notified of the original hearing date when she was served 
with process and had a duty to keep herself informed of trial dates once she had 
notice that the case was on the court’s docket. Id. Although the 
certified letter notifying the respondent of the rescheduled hearing was 
returned unclaimed, the court held that the respondent was sufficiently 
notified, stating that notice is sufficient when the address on the notice was 
valid and could be located by the post office. Id. In MCI, the 
notice at issue was properly addressed and actually received by an agent of the 
taxpayer. 723 S.W.2d at 356. In that case, an Order Determining Protest was 
properly addressed to MCI’s Senior Property Tax Representative and signed by 
someone as an agent of MCI. Id. Although the Senior Property Tax 
Representative testified that he never personally received the notice, this 
court held that the tax appraisal district would not be held liable for MCI’s 
faulty internal mail system. Id.
         The 
instant case is distinguishable from Wright and MCI because the 
Order Determining Protest was sent by certified mail to an address in 
Gainesville, Texas, that was not the current address of Appellees. Appellants do 
not dispute that Appellees moved to Argyle, Texas in the summer of 2000 and did 
not reside at the address to which the certified letters were sent in April 
2001. Appellants recognize that the order was not delivered to Appellees’ 
counsel until July 19, 2001, and Appellants’ Chief Appraiser admitted at trial 
that the order was not received by Appellees’ lawyer until July 19, 2001.
        We 
recognize that under the tax code, there is a presumption of delivery when a 
notice sent by first-class mail is deposited in the mail. Tex. Tax Code Ann. § 1.07(c). However, section 1.07(c) 
additionally states that this “presumption is rebuttable when evidence of 
failure to receive notice is provided.” Id. The certified letter 
receipts, testimony at trial, and briefs from both parties all indicate that 
Appellees’ counsel received the notice on July 19, 2001. This evidence is 
sufficient to overcome the presumption of delivery which, as case law 
recognizes, applies to certified mail as well as first-class mail. MCI, 
723 S.W.2d at 356; Terminix Int’l, Inc. v. Lucci, 670 S.W.2d 657, 665 
(Tex. App.—San Antonio 1984, writ ref’d n.r.e); Harris County Appraisal 
Dist. v. Drever Partners, Inc., 938 S.W.2d 196, 197 (Tex. App.—Houston 
[14th Dist.] 1997, no writ) (limitation period for filing petition for review 
for ARB decision only begins to run when proper notice is delivered to the 
appropriate party; Appellants' erroneous delivery of the notice and order did 
not serve to trigger the forty-five day period for appeal); First Union Real 
Estate Invs. v. Taylor County Appraisal Dist., 758 S.W.2d 380, 382-83 (Tex. 
App.—Eastland 1988, writ denied) (notice to taxpayer property owner’s 
designated agent regarding determination of protest of taxes did not constitute 
notice to taxpayer so as to trigger running of time in which taxpayer must file 
notice of appeal). Because Appellants met the jurisdictional requirements under 
section 42.01 of the tax code and filed their petition for review in district 
court within forty-five days of receipt of the ARB’s determination, we 
overrule Appellants’ first issue.
Findings of Fact
        Findings 
of fact entered in a case tried to the court have the same force and dignity as 
a jury's answers to jury questions. Anderson v. City of Seven Points, 806 
S.W.2d 791, 794 (Tex. 1991). The trial court's findings of fact are reviewable 
for legal and factual sufficiency of the evidence to support them by the same 
standards that are applied in reviewing evidence supporting a jury's answer. Ortiz 
v. Jones, 917 S.W.2d 770, 772 (Tex. 1996); Catalina v. Blasdel, 881 
S.W.2d 295, 297 (Tex. 1994).
        In 
determining a “no-evidence” issue, we are to consider only the evidence and 
inferences that tend to support the finding and disregard all evidence and 
inferences to the contrary. Bradford v. Vento, 48 S.W.3d 749, 754 (Tex. 
2001); Cont’l Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 
1996); In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (Tex. 
1951). Anything more than a scintilla of evidence is legally sufficient to 
support the finding. Cazarez, 937 S.W.2d at 450; Leitch v. Hornsby, 
935 S.W.2d 114, 118 (Tex. 1996). More than a scintilla of evidence exists if the 
evidence furnishes some reasonable basis for differing conclusions by reasonable 
minds about the existence of a vital fact. Rocor Int’l, Inc. v. Nat’l 
Union Fire Ins. Co., 77 S.W.3d 253, 262 (Tex. 2002).
        A 
“no-evidence” issue may only be sustained when the record discloses one of 
the following: (1) a complete absence of evidence of a vital fact; (2) the court 
is barred by rules of law or evidence from giving weight to the only evidence 
offered to prove a vital fact; (3) the evidence offered to prove a vital fact is 
no more than a mere scintilla of evidence; or (4) the evidence establishes 
conclusively the opposite of a vital fact. Uniroyal Goodrich Tire Co. v. 
Martinez, 977 S.W.2d 328, 334 (Tex. 1998) (citing Robert W. Calvert, "No 
Evidence" and "Insufficient Evidence" Points of Error, 
38 TEX. L. REV. 
361, 362-63 (1960)), cert. denied, 526 U.S. 1040 (1999).
        In 
their second issue, Appellants argue that there is no evidence to support the 
trial court’s finding that Appellees did not reside at the address to which 
the notice was sent and did not receive the notice until after the deadline for 
filing the application. While an erroneous finding of fact on an ultimate fact 
issue is harmful error, an immaterial finding of fact is harmless and not 
grounds for reversal. Andrews v. Key, 13 S.W. 640, 641 (Tex. 1890); Able 
v. Able, 725 S.W.2d 778, 780 (Tex. App.—Houston [14th Dist.] 1987, writ 
ref’d n.r.e.); Vandever v. Goettee, 678 S.W.2d 630, 635 (Tex. 
App.—Houston [14th Dist.] 1984, writ ref’d n.r.e.). An ultimate fact issue, 
which a trial court is required to enter in its requested written findings of 
fact following a bench trial, is one that is essential to the cause of action 
and has a direct effect on the judgment. In re Marriage of Edwards, 79 
S.W.3d 88, 94 (Tex. App.—Texarkana 2002, no pet.). An evidentiary issue, which 
a trial court is not required to enter in its requested written findings of fact 
following a bench trial, is one the court may consider in deciding the 
controlling issue, but is not controlling in itself. Id.
        Reading 
the trial court’s findings of fact and conclusions of law in their entirety, 
it is apparent that the trial court did not base its judgment on whether the 
Appellees lived at the address to which the reapplication notice was sent or 
whether Appellees received the notice after the deadline for filing a 
reapplication. Rather, the trial court’s judgment appears to be based on its 
findings that: 1) the conveyance was not effective until January 6, 2000; 2) the 
tract of land was owned by the Joseys on January 1, 2000; 3) the use of the land 
as agricultural land never changed; and 4) the land qualified as 
agricultural-use land for the year 2000 without the necessity for reapplication.
         Furthermore, 
the disputed finding of fact has no bearing on the trial court’s jurisdiction 
over this case. As discussed above, the trial court’s jurisdiction is based on 
whether Appellees obtained an ARB order and filed a petition for review within 
forty-five days after receiving the ARB order. Tex. Tax Code Ann. § 42.01, 42.21(a). The timing of 
Appellees’ receipt of the reapplication notice has no bearing on these 
factors. The disputed finding of fact constitutes nothing more than an 
evidentiary fact, and it cannot be a basis for reversal of the trial court’s 
judgment. We overrule Appellants’ second issue.
Conclusion
        Having 
overruled Appellants’ issues, we affirm the trial court’s judgment.
 
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE

  
PANEL 
B:   HOLMAN and GARDNER, JJ.; and SAM J. DAY, J. 
(Retired, Sitting by Assignment).

DELIVERED: 
February 5, 2004