**In the Interest of D. N. S., a child.**

**No. 8332.**

Court of Civil Appeals of Texas, Beaumont.

Nov. 15, 1979.

Samuel L. Walsh, Woodlands, for appellant.

J. Ron Young, Houston, for appellee.

KEITH, Justice.

The natural mother appeals from an order of dismissal of her suit to determine paternity brought under the provisions of *Tex.Family Code Ann. §§ 13.01, et seq.* (Supp.1978–79). The alleged father of the child filed his special appearance under the provisions of *Tex.R.Civ.P. 120a*; and, when his objections to the jurisdiction were sustained, the suit was dismissed.

We have no statement of facts so that the mother runs afoul of the rule announced in *The Englander Company v. Kennedy*, 428 S.W.2d 806, 807 (Tex.1968). She cannot discharge her burden of showing the factual or legal insufficiency of the evidence in the absence of a complete or an agreed statement of facts.

In lieu of a statement of facts, the mother has included five formal bills of exception in the transcript wherein she attempts to supply a factual base for the complaints she now makes. We recently faced a similar question in *Griffith v. Griffith*, 584 S.W.2d 498, 500 (Tex.Civ.App.—Beaumont 1979, no writ). There, relying upon language found in *Provident American Ins. Co. v. Sargent*, 451 S.W.2d 773, 774 (Tex.Civ.App.—Waco 1970, writ dism'd), and authorities cited, we declined to permit the substitution of bills of exception for a statement of facts. We follow the same course in this instance.

A review of the original petition of the mother reveals that the putative father, "whose age is unknown", is a resident in the State of Minnesota at a particular address where he may be served. She affirmatively alleged that he was a nonresident of Texas; that the child resides in Texas "as a result of the acts or directives or with the approval of such nonresident person." She further alleged that the purpose of the suit was to "establish the parent-child relationship . . . by establishing that the above alleged father is the biological father of such child . . . ." She also sought appointment as managing conservator of the child, for support orders, attorney's fees, etc.

It will be noted from our recitation that she studiously refrained from making any allegations that the putative father ever had anything to do with her or the child in Texas.[1] The mother argues that the long-

---

1. For aught that appears in our record, the defendant may be the child's father—but "only in the sense of that relationship which is the biological consequence of erotic ecstasy on a summer night" [*In the Interest of K.*, 535 S.W.2d 168, 168 (Tex.1976)]. And, the "ecstasy" might as well have happened in Minnesota, Florida, or any other state, as in Texas. More-

arm jurisdiction conferred by *Tex.Family Code Ann. § 11.051 (Supp.1978–79)*, as interpreted in *Zeisler v. Zeisler*, 553 S.W.2d 927 (Tex.Civ.App.—Dallas 1977, writ dism'd),[2] conferred jurisdiction on the trial court. Her reliance upon *Zeisler* is misplaced. The *Zeisler Court* commented upon the fact that the child was conceived in Texas, the divorce was granted in Texas, and the father was continuing to make his monthly child support payments through the Texas court. No such facts were alleged to exist in our case.

Many of the Texas cases supporting the exercise of long-arm jurisdiction are cited and discussed by Chief Justice Guittard in *Zeisler*, supra, and it is unnecessary for us to attempt to expand thereon. The putative father in our case apparently had even less contact with Texas than did the father involved in the case of *Kulko v. California Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978), wherein the traditional limitations on the acquisition of in personam jurisdiction were restated and reaffirmed.

■ As noted earlier, the mother refrained from alleging the "three basic factors which should coincide if jurisdiction" is to be maintained over a nonresident. See *O'Brien v. Lanpar Company*, 399 S.W.2d 340, 342 (Tex.1966). We aligned the cases in *Gathers v. Walpace Co., Inc.*, 544 S.W.2d 169, 170–171 (Tex.Civ.App.—Beaumont 1976, writ ref'd n. r. e.), and held that where the plaintiff failed to "plead facts authorizing the issuance of process under the long arm statute", the trial court properly sustained "defendants' objections to the jurisdiction of the court over the persons of said defendants." We now apply the same rule to paternal affiliation proceedings wherein reliance is had upon the long-arm provisions of *Tex.Family Code Ann. § 11.051*.

■ The mother argues that since two of the three persons involved in the proceeding reside in Texas, "the relative convenience of the parties will certainly be better served by a proceeding in Texas . . . ." Counsel confuses convenience with jurisdiction—the two, while not necessarily incompatible, are not synonymous. The mother has not alleged facts showing that the father is amenable to process under the provisions of *Section 11.051*, or that the court had jurisdiction to render an in personam judgment.

Nor has the mother alleged that the putative father had "'some minimum contact with the state which results from an affirmative act of the defendant'" or that "'it must be fair and reasonable to require the defendant to come into the state and defend the action.'" See *U–Anchor Advertising, Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex.1977), and authorities therein discussed.

The mother has several points complaining of the procedural aspects of the disposition of the special appearance. In the absence of a statement of facts, we are unable to review some of such complaints and as to the others we find no merit therein.

The judgment of the trial court is AFFIRMED.

over, as set out in "*K*", supra, the alleged father may have "simply engaged in a single hit and run sexual adventure." (535 S.W.2d at 171).

**2.** The appellant/mother does not contend that the trial court could have acquired jurisdiction over the person of the appellee under the long-arm provisions of *Tex.Rev.Civ.Stat.Ann. art. 2031b (1964)*, or *Tex.R.Civ.P. 108.* See *Taylor v. Texas Dept. of Public Welfare*, 549 S.W.2d 422, 424 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n. r. e.).