Vicki Christine Wentzel
WRIGHT, Appellant,

v.

Louis Albert WENTZEL, Jr., Appellee.

No. 01–87–00927–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 31, 1988.

Gail Steele, Houston, for appellant.

James W. Woltz, Friendswood, D. Channing Bradshaw, Pasadena, for appellee.

Before JACK SMITH, COHEN and HOYT, JJ.

## OPINION

JACK SMITH, Justice.

Vicki Christine Wentzel Wright ("Vicki") appeals by writ of error from the granting of the trial court's default modification order on May 19, 1987, which changed the managing conservatorship of the child of the marriage, Taunya Wentzel, to Louis Albert Wentzel, Jr. ("Louis") and appointed Vicki as possessory conservator with visitation contingent on the consent of Louis.

The parties were divorced in Brazoria County on November 23, 1982, and Vicki was appointed managing conservator. Thereafter, on September 16, 1986, Vicki left Taunya in the care of Louis, but intended to retrieve her once she had established another permanent residence. On December 8, 1986, Louis filed a motion to modify conservatorship, but did not serve Vicki. Vicki, meanwhile, had left Texas with her boyfriend and had established a residence in New Hampshire. Vicki returned to Texas, retrieved Taunya from Taunya's preschool, and the two flew back to New Hampshire. Louis filed a motion for a temporary restraining order ("TRO") on December 16, 1986, and hired a private investigator who found Vicki and Taunya in New Hampshire. On December 22, 1986, Vicki was served at the Hudson Police Department in New Hampshire with the motion to modify, TRO, and notice of show cause hearing that was set for December 24, 1986.

At the scheduled hearing on December 24, 1986, Vicki did not appear. The trial court extended the TRO, but rescheduled the hearing to December 31, 1986, because of concern that Vicki did not receive adequate notice. Louis' counsel mailed Vicki notice of the rescheduled hearing date by both certified mail and regular mail. At the hearing on December 31, 1986, the receipt for the certified letter had not been returned, so the trial court heard evidence on the show cause but declined to enter any orders until proof of service was in the record. The certified letter, which was returned as "unclaimed," was filed with the court, and ex parte temporary orders were signed on January 19, 1987, appointing Louis as temporary managing conservator. Louis flew to New Hampshire and obtained possession of Taunya based on these orders.

On April 23, 1987, the trial court heard the merits of the motion to modify. Although Vicki had been served on December 22, 1986, she had filed no answer to Louis' motion to modify. Louis was granted managing conservatorship, and Vicki was granted possessory conservatorship with visitation contingent on Louis' consent.

After Vicki was notified of the change of conservatorship, she filed her motion for new trial alleging that she did not receive notice of the rescheduled show cause hearing because it was mailed to the wrong address and wrong town in New Hampshire. The trial court conducted a hearing and overruled the motion. Vicki then filed this petition for writ of error.

To appeal by writ of error, Vicki must show that an error is apparent on the face of the record. *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex.1985); Tex.R.App.P. 45. A writ of error is a direct attack on the default judgment, and thus, there is no presumption in support of the validity of the judgment. *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965); *Morales v. Dalworth Oil Co.,* 698 S.W.2d 772, 775 (Tex.App.—Fort Worth 1985, writ ref'd n.r. e.). Where a writ of error is available, the scope of review is the same as that afforded by an ordinary appeal. *Collins v. Collins,* 464 S.W.2d 910 (Tex.Civ.App.—San Antonio 1971, writ ref'd n.r.e.). Allegations of error in the judgment resulting from a lack of evidence or insufficient evidence to support the judgment sufficiently invokes the jurisdiction of this Court to consider the petition for writ of error. *Roe v. Doe,* 607 S.W.2d 602 (Tex.Civ.App.—Eastland 1980, no writ); *Hillson Steel Products, Inc. v. Wirth, Ltd.,* 538 S.W.2d 162 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ).

In her first point of error, Vicki contends that the trial court erred in asserting jurisdiction to grant a default judgment against a non-resident parent when the resident parent failed to plead, prove, or comply with the provisions of the Uniform Child Custody Jurisdiction Act ("UCCJA"), Tex. Fam.Code Ann. §§ 11.51–11.75 (Vernon 1986), on jurisdiction and notice.

Louis' motion to modify asserted that the trial court "has acquired and retains continuing, exclusive jurisdiction of this suit and of the child the subject of this suit as a result of prior proceedings." The motion also recited that Taunya was born in Harris County, Texas, and was "presently residing with the movant." The address of Vicki was listed as "unknown."

The trial court made extensive jurisdictional recitations in the ex parte temporary orders, finding that it had continuing exclusive jurisdiction, that Texas was the home state of Taunya, that Taunya resided in Texas for six months prior to the commencement of the action, that no other state would have jurisdiction under § 11.53 of the UCCJA, and that the child had significant connections with the state of Texas. The default judgment recited that the court found "that it has continuing, exclusive jurisdiction of this cause and of the parties and that no other court had continuing, exclusive jurisdiction."

Louis contends that the suit was properly filed in the home state of the child. However, Vicki contends that the issue is whether the jurisdictional allegations contained in Louis' pleadings are sufficient to support a default judgment against a non-resident.

■ We agree that facts sufficient to support personal and subject matter jurisdiction of the trial court are necessary foundations to uphold any default judgment based on the pleadings. *McKanna v. Edgar*, 388 S.W.2d 927 (Tex.1965). The principles in *McKanna* have also been applied in family law. *See In re D.N.S.*, 592 S.W.2d 35, 37 (Tex.Civ.App.—Beaumont 1979, no writ). However, in the instant case, the default modification order was based on the evidence adduced at the hearing on the motion to modify, as well as the pleadings.

Tex.Fam.Code Ann. § 14.08 (Vernon 1986 & Supp.1988) sets forth the modification procedures for conservatorship. This section provides that a decree "may be modified only by the filing of a motion in the court having continuing, exclusive jurisdiction of the suit affecting the parent-child relationship...." § 14.08(a). The Texas Rules of Civil Procedure apply, and any party whose rights, privileges, duties, or powers may be affected by the motion to modify is entitled to receive notice by service of citation. § 14.08(b). The trial court can modify the decree that designates managing conservatorship if it finds that: (1) the circumstances of the child, sole managing conservator, possessory conservator, or other party affected have materially and substantially changed since the date of the rendition of the decree; (2) the retention of the present sole managing conservator would be injurious to the child; and (3) the appointment of a new sole managing conservator would be a positive improvement for the child. § 14.08(c)(1)(A)–(C).

Generally, when a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing, exclusive jurisdiction of all parties and matters in connection with the child. Tex.Fam. Code Ann. § 11.05(a) (Vernon 1986). But when dealing with an interstate situation, the provisions in the UCCJA control jurisdiction, and not § 11.05.

■ Vicki argues that Louis failed to comply with the UCCJA §§ 11.53, 11.54, 11.55, and 11.59. However, all of these sections deal with interstate child custody cases. At the time Louis filed his motion to modify conservatorship, both he and the child resided in Texas. Moreover, Vicki also resided in Texas, and he did not know that she had moved outside the State until he attempted to obtain service on the motion to modify. Section 11.59 requires an affidavit to be attached to the pleading that informs the court of any litigation concerning the child, but only if one of the parties lives outside the State. Because Louis did not know that Vicki resided outside the

State when he filed his motion and because Vicki resided in Texas at all times prior to the motion, we find that Louis sufficiently alleged jurisdiction in his pleadings by asserting that the court had "continuing jurisdiction" of the suit.

■ Moreover, the evidence adduced at the hearing sufficiently establishes that Texas is the home state of the child. *See* § 11.53. Louis testified that Vicki lived in the Houston/Pasadena area with their child from the end of 1985 through 1986. A list of her various addresses during this time period was admitted as an exhibit at the hearing. Taunya was left in Louis' care in September of 1986, and the motion to modify was filed in December of 1986. Therefore, the evidence established that the child resided in Texas for six continuous months prior to the commencement of the action and that Texas was the home state of the child.

■ The record also reflects that Vicki was given "notice and [an] opportunity to be heard" as required under § 11.54 when she was served with process in New Hampshire. This notice by personal delivery complies with § 11.55(a) and § 14.08(b). Contrary to the allegations in Vicki's supplemental brief, this return of citation was filed with the court and on file for more than 10 days prior to the entry of the temporary orders and the final order on the motion to modify.

Vicki was also entitled to receive notice "before any hearing in this state." § 11.55(b). The record does not indicate that she received notice of the actual hearing on the merits of the motion to modify, which occurred on April 30, 1987. Moreover, Louis admits that she was never notified of that hearing date. However, the record does reflect that she was notified of the hearing set for December 24, 1986, on the temporary orders when she was served with process on December 22, 1986. Because the trial court was concerned that the two-day notice of the hearing was not reasonable, he rescheduled the hearing until December 31, 1986. A certified letter and a regular mail letter informing her of the rescheduled date were sent to an address that she had provided to Louis. The certified letter was returned "unclaimed."

■ Due process requires that for a person to have a fair and adequate notice of a proceeding, such notice should be by means "such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). When a letter is returned as "refused" or "unclaimed," the notice is sufficient if it is apparent that the address was valid and could be located by the postal office. Pohl and Hittner, *Judgments by Default in Texas*, 37 Sw.L.J. 420, 428 (1983); *compare TXXN, Inc. v. D/FW Steel Co.*, 632 S.W.2d 706 (Tex.App.—Fort Worth 1982, no writ) (default judgment should not be granted on the basis of a certified letter returned as "Not Deliverable as Addressed, Unable to Forward" because address itself is not sufficient).

■ The notice of the rescheduled hearing was sufficient even though the letter was returned "unclaimed." Moreover, as a general rule, parties are expected to keep themselves informed of the time a case is set for trial and are not entitled to notice of the trial other than the setting of the case on the court's docket. *Plain Growers, Inc. v. Jordan*, 519 S.W.2d 633 (Tex.1974); Tex.R.Civ.P. 245. Vicki was properly notified of the December 24, 1986, and the December 31, 1986 hearings. The trial court was not required to provide her with further notice of subsequent hearings in the cause. *See Barrera v. Barrera*, 668 S.W.2d 445 (Tex.App.—Corpus Christi 1984, no writ).

Point of error one is overruled.

■ In her second point of error, Vicki complains that the trial court erred in granting a default judgment because the return of service was defective. She claims that the service failed to comply with Tex.R.Civ.P. 108 because the officer who served the citation did not swear that he was a disinterested person "competent to make oath of the fact." The notary public stated that the officer was a person "competent to make oath."

Tex.R.Civ.P. 108, in part, provides:

Where the defendant is absent from the State, or is a nonresident of the State, the form of notice to such defendant of the institution of the suit shall be the same as prescribed for citation to a resident defendant; and such notice may be served by any disinterested person competent to make oath of the fact in the same manner as provided in Rule 106 hereof.

The return of citation in the instant case contains the following:

Before me the undersigned authority, personally appeared James Hardy, Deputy Sheriff, a person competent to make oath, and who by me being duly sworn, deposes and says: that this notice came to hand on the 22nd day of December, 1986, at 4:40 o'clock p.m., and executed by delivering to defendant, Vicki Christine Wentzel Wright in person, at Hudson Police Dept. in Hudson, New Hampshire County, Hillsborough State of New Hampshire, on the 22nd day of December, 1986, at 4:40 o'clock p.m., a true copy of this notice, with the date of delivery endorsed thereon, together with a copy of plaintiff's petition attached thereto. He further says that he is in no manner interested in this suit.

This return was signed by Deputy Sheriff James Hardy, and his signature was notarized by a notary public. We find that it complies with Rule 108.

Point of error two is overruled.

■ Vicki's third point of error contends that there was no evidence, or alternatively insufficient evidence, to support the trial court's modification of managing conservatorship.

Louis was required to show by a preponderance of the evidence that the circumstances of the parties had materially and substantially changed, that the retention by Vicki as managing conservator would be injurious to the child, and that the appointment of Louis as managing conservator would be a positive improvement for the child. § 14.08(c)(1)(A)–(C); *Considine v. Considine*, 726 S.W.2d 253 (Tex.App.—Austin 1987, no writ).

Louis testified at the hearing that Taunya had two medical problems that were not being treated properly by Vicki. First, Taunya had a problem with her left eye correctly focusing. Louis stated that his wife took her to a specialist who recommended surgery, but they intended to take her to a second doctor for another opinion. He stated that Taunya also had a bladder problem. The evidence also established that Vicki and Taunya moved approximately 10 times within a one-year period from late 1985 to 1986. A verified letter from the Brazoria County Sheriff's Department, admitted into evidence, showed that Vicki had warrants out for her arrest for "speeding, failing to maintain responsibility, violate promise to appear on WRT." Louis also stated that Vicki spent two weeks in jail in Brazoria County for writing hot checks.

Louis testified that Vicki constantly referred to Taunya by her incorrect name, Wright instead of Wentzel. Taunya's preschool records also showed a history of poor attendance. He also testified that Vicki left town with a James Harris, but was still married to Tim Wright at the time. At the time that she left, Vicki did not tell Louis where she was going or how he could get in contact with her. She also left Taunya at his house with no clothing.

Louis indicated to the court that he had remarried, had a home in Brazoria County, and intended to stay there for the immediate future. He stated that he had no other children.

Tim Wright, Vicki's second husband, testified that Vicki was pregnant with another man's child. He also stated that he and she were not yet divorced, and that they had a three-year-old son who was with Vicki in New Hampshire. He stated that, in his opinion, the best interest of Taunya would be served if Louis was appointed managing conservator.

We hold that the foregoing facts are sufficient to establish by a preponderance of the evidence that there was a material and substantial change in circumstances, that the retention by Vicki would be injurious to the child, and that appointing Louis

a managing conservator would be a positive improvement for the child.

Point of error three is overruled.

 Vicki's fourth, sixth, and seventh points of error complain about the temporary orders of the trial court. These points of error are moot because the temporary orders are no longer in effect, and a final order has been entered. *See Conway v. Irick,* 429 S.W.2d 648 (Tex.Civ.App.—Fort Worth 1968, writ ref'd) (temporary injunction expired when final judgment entered, and therefore appeal from temporary injunction became moot).

Points of error four, six, and seven are overruled.

 Vicki's fifth point of error contends that the trial court's order on the motion to modify dated May 19, 1987, is invalid because the order itself does not reflect the requirements of § 14.08(c)(1)(A)–(C). However, the order does state that the material allegations contained in Louis' motion are true, and his motion to modify sets forth the requirements of § 14.08(c)(1)(A)–(C). There is no requirement in the Family Code that the allegations be set forth in the judgment, and we find that it is sufficient to adopt them by reference to the motion to modify.

Point of error five is overruled.

In her eighth point of error, Vicki contends that the trial court erred in granting visitation to Vicki that was contingent on the consent of Louis.

 We agree. Tex.Fam.Code Ann. § 14.03(d) (Vernon 1986) provides that "[t]he court may not deny possession of or access to a child to either or both parents unless it finds that parental possession or access would endanger the physical or emotional welfare of the child." To limit visitation to the consent of one parent, the moving party must show "good cause why specific orders would not be in the best interest of the child." Tex.Fam.Code Ann. § 14.03(a) (Vernon 1986). No such showings were made.

Point of error eight is sustained.

The judgment is affirmed as to managing conservatorship, and reversed and remanded to the trial court for a determination of the specific terms and conditions of Vicki's visitation rights with Taunya.