NO. 12-02-00218-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS



§
 APPEAL FROM THE 349TH



IN THE INTEREST OF T.D.M.C.,
§
 JUDICIAL DISTRICT COURT OF

A MINOR CHILD


§
 ANDERSON COUNTY, TEXAS






MEMORANDUM OPINION


 In three issues, Lanny Malcolm Collett ("Lanny") and Mary Lois Collett ("Mary") appeal the
trial court's order appointing joint managing conservators. We dismiss this appeal for want of
jurisdiction.

Background

 Lanny Malcolm Collett II ("Collett") married Lisa Ann Collett ("Lisa"), and they are the
parents of T.D.M.C., born March 3, 1996. Lanny and Mary are the paternal grandparents of
T.D.M.C. On July 31, 1996, Lanny and Mary were appointed sole managing conservators of
T.D.M.C., and Collett and Lisa were appointed possessory conservators of the child, both having
executed affidavits which designated the paternal grandparents as managing conservators of
T.D.M.C. However, Lisa revoked her affidavit on November 19, 1996, and, through her motion to
modify the parent-child relationship, requested appointment as joint managing conservator of
T.D.M.C. Collett and Lisa were divorced in February of 1997. Lisa subsequently remarried, gave
birth to a daughter, divorced again, and moved to Mississippi. T.D.M.C. lived continuously with
Lanny and Mary.

 On April 29, 2002, a hearing was held on Lisa's motion to modify and, on May 3, 2002, the
trial court ordered modification of the parent-child relationship. Specifically, the court ordered
appointment of Lisa, Lanny, and Mary as joint managing conservators of T.D.M.C. Lanny and Mary
were granted the exclusive right to establish the primary residence of the child within Anderson
County, Texas. Lisa, Lanny, and Mary were each given the independent right to make decisions
concerning the child's education. However, the trial court ordered Lanny and Mary to enroll
T.D.M.C. in public school beginning with the 2002-2003 school year. Further, the trial court ordered
Lanny and Mary to enroll T.D.M.C. in an educational preschool program, such as Southside Baptist,
for at least one time per week for a minimum of one-half day beginning the week of May 6, 2002,
and continuing each week thereafter until the beginning of public school in the fall of 2002.
Moreover, the trial court ordered that T.D.M.C. should not receive, be taken to, or be submitted for
psychological or psychiatric evaluation, examination, or treatment without prior court approval. The
order also included specific times and dates for visitations between Lisa and T.D.M.C. from May
through August 2002. Further, the order contained a Mother Hubbard clause stating that "[a]ll relief
requested in this case and not expressly granted is denied." The trial court also stated that "[a]ll
other terms of the prior orders not specifically modified in this order shall remain in full force and
effect." The trial court filed findings of fact and conclusions of law after a request by Lanny and
Mary. In the findings of fact, the trial court found that the grandparents must become reconciled to
Lisa's rights as T.D.M.C.'s mother "[i]f the Grandparents are going to keep the child," and that if
they put T.D.M.C. between themselves and Lisa, "they are going to destroy the child and perhaps
the legal relationship which allows them custody."

 Since May 3, 2002, the court has issued more temporary orders concerning T.D.M.C.
Furthermore, on July 22, 2003, the trial court ordered modification of the parent-child relationship. (1)
In this order, Lisa was appointed sole managing conservator of T.D.M.C., and Collett was appointed
possessory conservator of T.D.M.C. Further, the trial court stated that "[t]his order supercedes all
prior orders concerning the child."

Order Modifying Parent-Child Relationship

 Lanny and Mary appeal the May 3, 2002 order and refer to the order in their brief as a final
judgment. A judgment is final for purposes of an appeal if it disposes of all pending parties and
claims in the record. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). Further,
without a conventional trial, a Mother Hubbard clause is not an indication that a judgment is final
for purposes of appeal. Id. at 203-04. Whether a judicial decree is a final judgment must be
determined from its language and the record in the case. Id. at 195. First, the May 3, 2002 order
contained certain provisions indicating that the order is temporary. The order defined Lisa's
visitation with T.D.M.C. for the summer of 2002, and defined the particular type of educational
preschool to be attended by T.D.M.C. in the summer of 2002. Next, the order only affected
provisions of prior orders that were specifically modified. All other terms of prior orders remained
in full force and effect. Finally, an examination of the record reveals that, in its findings of fact, the
trial court noted reservations about Lanny and Mary's ability to maintain custody of T.D.M.C., and
the possibility that they would lose custody in the future. Because the language of this order and the
record in this case indicate that the trial court did not intend it to be a final judgment, the May 3,
2002 order is a temporary order.

 On July 22, 2003, the trial court ordered modification of the parent-child relationship. This
judgment disposed of all parties and issues in the proceeding, and is, therefore, a final judgment. See
id. Complaints about temporary orders are moot where a final order has been entered. In re P.R.,
994 S.W.2d 411, 417 (Tex. App.-Fort Worth 1999, pet. dism'd w.o.j.), disapproved on other
grounds, In re J.F.C., 96 S.W.3d 256, 267 & n. 39 (Tex. 2002); Wright v. Wentzel, 749 S.W.2d
228, 234 (Tex. App.-Houston [1st Dist.] 1988, no writ); Garner v. Garner, 673 S.W.2d 413, 418
(Tex. App.-Fort Worth 1984, writ dism'd). Because the May 3, 2002 order is a temporary order and
a final order in the proceeding has been entered, the issues asserted by Lanny and Mary in this appeal
are moot. 

Conclusion

 Having determined that the issues asserted on appeal are moot, we dismiss the appeal for
want of jurisdiction.

 JAMES T. WORTHEN 

 Chief Justice

Opinion delivered October 29, 2003.

Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.


(PUBLISH)
1. This order was not included in the Clerk's Record, but was referred to by all parties in their briefs.